UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERCY KERN III, #349748,

        Plaintiff,

                              CASE NO. 2:07-CV-13576
v.                                 HONORABLE VICTORIA A. ROBERTS

SHERRY BURT, et al.,

        Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I.    Introduction**

       The Court has before it Plaintiff Percy Kern III's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff has been granted permission to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). Plaintiff is a state prisoner currently confined at the Southern Michigan Correctional Facility in Jackson, Michigan. Defendants are Warden Sherry Burt, Michigan Department of Corrections ("MDOC") Director Patricia Caruso, and Security Classification Director Richard Cady.

       In his complaint, Plaintiff challenges his placement in administrative segregation. Plaintiff alleges that he tested positive for HIV while incarcerated in 2001, but was not provided with HIV counseling as required by MDOC policy. He was released on parole in 2002, but returned to prison in 2005, re-released on parole but again returned to prison in 2006. Plaintiff states that he was subsequently found guilty of sexual misconduct with a prisoner without "fair warning of conduct which will give rise to penalties" due to his lack of HIV counseling and was

1

improperly placed in administrative segregation on January 28, 2007. Plaintiff seeks release from segregation and monetary damages.

For the reasons set forth below, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and that his complaint must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court also concludes that any appeal from this decision would be frivolous and cannot be taken in good faith.

**II.     Analysis**

Plaintiff has been granted *in forma pauperis* status so that he may proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg*

2

*Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Plaintiff's § 1983 complaint is subject to dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Plaintiff fails to allege a cause of action under § 1983 in his complaint which challenges his placement in administrative segregation. A prisoner has no liberty interest in remaining free of disciplinary or administrative segregation, as such segregation does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (30 days in administrative segregation did not constitute atypical and significant hardship); *Jones v. Baker*, 155 F.3d 810, 812-13 (6th Cir. 1998) (two and one-half years in segregation during investigation of prisoner's involvement in riot did not deprive him of liberty interest without due process); *see also Carter v. Tucker*, 69 Fed. Appx. 678, 680 (6th Cir. 2003) (loss of privileges and placement in segregation does not implicate a liberty interest sufficient to invoke the Due Process Clause). Plaintiff has thus failed to state a claim for relief under § 1983 and his complaint must be dismissed as frivolous.

### III. Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

Accordingly,

**IT IS ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Additionally, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: September 5, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se plaintiff by electronic means or U.S. Mail on September 5, 2007.

s/Carol A. Pinegar
Deputy Clerk