UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERCY KERN III, #349748

    Plaintiff,                                                Case Number: 2:07-cv-13576
                                                                    Honorable Victoria A. Roberts

v.

SHERRY BURT, et al.,

    Defendants.
_____/

## ORDER REGARDING REQUEST TO SEAL DOCUMENTS

Mr. Kern's letter dated May 12, 2014 is treated as a motion to seal documents. It pertains to his 2007 case; his original complaint refers to his HIV status.

Mr. Kern claims that the Court is in violation of his rights under the Healthcare Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d, *et seq.* In general, HIPPA governs confidentiality of medical records and regulates how "covered entities" can use or disclose "individually identifiable health and medical information concerning an individual." 45 C.F.R. §§ 160 and 164. "Covered entities" are defined as health plans, health care clearinghouses and any health care provider engaged in electronic transactions. 45 C.F.R. § 160.102(a). The Court is not a "covered entity" as defined by HIPAA and is not bound by HIPAA restrictions, which Mr. Kern now relies upon.

HIPAA regulations govern the disclosure of confidential health information in judicial proceedings but the regulation only applies if a "covered entity" is requested to disclose such information pursuant to: 1) an order issued by a court, 2) an

1

administrative tribunal, or 3) a subpoena or discovery request.  45 C.F.R. 164.512(e)(1).  Aside from the fact that the Court is not a covered entity, none of these provisions applies.  Mr. Kern filed a complaint in 2007, alleging that he was never properly treated for his HIV.  By his own action, Mr. Kern made his HIV status a public matter.  The Court did not ask for this information, and he never requested that his records be sealed, when he filed his complaint or at any other time.

In any event, Courts hold that HIPAA does not confer a private cause of action to an individual; only the Secretary of Health and Human Services may pursue the action against an alleged offender.  *See, e.g., Murry v. Mich. Dep't of Corr.,* 2008 WL 12157, *1 (E.D. Mich. Jan. 11, 2008) (unpublished); *Runkle v. Gonzales,* 391 F. Supp. 2d 149, 155 (D.C.C. 2004).  Mr. Kern cannot raise the issue of a HIPAA violation on his own.

Also, during litigation, an individual does not possess a constitutionally-protected right to keep medical records confidential.  *J.P. v. DeSanti*, 653 F.2d 1080, 1087-91 (6th Cir. 1981); *Doe v. Wigginton*, 21 F.3d 733, 740 (6th Cir. 1994).  Because litigation before a court is a public matter, the Sixth Circuit states that there is a "strong common law presumption in favor of public access to court proceedings and records."  *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983).  "Only the most *compelling* reasons can justify non-disclosure of judicial records."  *In re Knoxville News-Sentinel Co.*, Inc., 723 F.2d 470, 476 (6th Cir. 1983) (emphasis added).  Simply showing that the information would harm an individual or a company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records.  *Brown*, 710 F.2d at 1179.

If invoked, this Court's own local rules and Federal Rules of Civil Procedure provide privacy protection for certain filings before the Court. Fed. R. Civ. P. 5.2. "A person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal." Fed. R. Civ. P. 5.2(h). The Local Rules provide for procedures regarding sealed matters. E.D. Mich. L.R. 5.3. The parties are responsible for submitting redacted documents, not the Court. Rule 20, Electronic Filings and Procedures; Administrative Order 07-030.

Mr. Kern never sought the protection of these rules. The documents sought to be sealed from the docket were filed without being sealed by the filing party, and without a motion or proposed stipulated order to seal the documents prior to their filing. *See* E.D. Mich. LR 5.3 and Electronically Filing Sealed Documents (October 2008). Mr. Kern waived his right to seal matters, even if sealing the record was appropriate under the rules.

Mr. Kern's letter request to seal the documents (Doc #6) is **DENIED.**

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 9, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record and Percy Kern, III, by electronic means or U.S. Mail on June 9, 2014.

s/Linda Vertriest
Deputy Clerk